# United States District Court
## for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| TYONA MCDANIEL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GLYNN COUNTY, GEORGIA, | : | |
| Defendant. | : | NO. CV206-046 |

## O R D E R

Plaintiff, Tyona McDaniel, filed this action against Defendant, Glynn County, Georgia, for alleged gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 200e et seq., and 42 U.S.C. § 1983. Presently before the Court is Plaintiff's motion for relief from the Court's February 22, 2007, Order dismissing Plaintiff's Complaint for failure to prosecute. Because the Court concludes that Plaintiff has failed to demonstrate that she is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b), her motion will be **DENIED**.

## BACKGROUND

Plaintiff commenced this action on February 21, 2006. Defendant propounded Interrogatories and Requests for Production to Plaintiff on June 21, 2006, and Plaintiff's deposition was set for August 23, 2006. On August 8, 2006, defense counsel sent a letter to Plaintiff's counsel requesting that Plaintiff respond to the overdue discovery requests prior to the scheduled deposition. The deposition was reset as a result of Plaintiff's failure to respond to the discovery requests. Discovery responses were not provided and the deposition was cancelled ultimately due to defense counsel's leave of absence. Upon defense counsel's return, Plaintiff provided responses to Defendant's Interrogatories but did not provide responses to the Requests for Production.

On November 6, 2006, the Court granted Plaintiff's counsel's request for leave of absence from November 17, 2006, to November 27, 2006, and December 15, 2006, through January 5, 2007.

On December 7, 2006, defense counsel sent Plaintiff a second letter asking Plaintiff to respond to the outstanding Requests for Production and requesting available dates for Plaintiff's deposition prior to the January 2, 2007, discovery

AO 72A
(Rev. 8/82)

deadline. When Plaintiff failed to respond, Plaintiff's deposition was set by notice to Plaintiff's counsel for December 14, 2006. Neither Plaintiff nor her counsel appeared for the scheduled deposition.

Defense counsel filed a Motion to Dismiss on January 3, 2007. On January 25, 2007, the Court ordered Plaintiff to show cause in writing why the Court should not dismiss the case for failure to respond to discovery requests and for failure to appear at her scheduled deposition. Despite the Court's warning that failure to respond would result in dismissal with prejudice, Plaintiff filed no response. Accordingly, the Court entered an order on February 22, 2007, dismissing the action for failure to prosecute.

Counsel did not file a motion to alter or amend the judgment or a notice of appeal from the order of dismissal. Instead, Plaintiff waited until April 19, 2007, almost two months after the order of dismissal was entered, to file the instant Rule 60(b) motion.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to obtain relief from a judgment of dismissal on the

AO 72A
(Rev. 8/82)

basis of: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from operation of a judgment. While it is true that Rule 60(b) is to be given a liberal and remedial construction, <u>Cavaliere v. Allstate Ins. Co.</u>, 996 F.2d 1111, 1115 (11th Cir. 1993), it may not be used as a substitute for a proper and timely appeal, <u>Jackson v. Crosby</u>, 437 F.3d 1290, 1296 (11th Cir. 2006), <u>reh'g</u> & <u>reh'g en banc</u> <u>denied</u>, 179 Fed. Appx. 685 (11th Cir. 2006), <u>cert.</u> <u>denied</u>, 127 S. Ct. 240, 166 L.Ed.2d 189 (2006).

Plaintiff argues that she is entitled to relief based on either "excusable neglect" or "any other reason justifying relief." Plaintiff's offered explanation for her failure to respond to Defendant's Requests for Production is that she mistakenly believed that her responses were filed on August 25, 2006. Plaintiff's offered explanation for her failure to appear at the December 14, 2006, deposition is that Plaintiff's counsel went into labor prior to the period of time that counsel had leave of Court from December 15, 2006, to January 5, 2007, and, therefore, did not receive the notice.

Even were the Court to accept Plaintiff's explanations, Plaintiff has failed to present the kind of equitable factors that warrant Rule 60(b) relief. Plaintiff has offered no

AO 72A
(Rev. 8/82)

explanation for her failure, since commencement of this action, to respond to Defendant's communications regarding the outstanding discovery requests and the scheduling of Plaintiff's deposition, nor has Plaintiff offered any explanation for her failure to respond to Defendant's motion to dismiss or the Court's show cause order. Finally, Plaintiff has offered no explanation for her failure to file either a timely Rule 59(e) motion[1] or a timely notice of appeal[2]. Upon review of the record, the Court finds that Plaintiff has engaged in unnecessary delay and exhibited a significant history of unresponsiveness.

## CONCLUSION

The Court has read and considered the position of all parties. For the foregoing reasons, Plaintiff's Rule 60(b) motion for relief from judgment (Doc. No. 27) is **DENIED**.

**SO ORDERED** this ___7th___ day of June, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1]
Federal Rule of Civil Procedure 59 (e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

[2]
Federal Rule of Appellate Procedure Rule 4(a)(1)(A) provides that "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."